# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

GRACE ALBANESE,

                Plaintiff,

vs.

HOMELAND SECURITY OF THE UNITED
STATES IN LAS VEGAS, NEVADA,

                Defendant.

Case No. 2:16–cv–531–RFB–VCF

**ORDER AND REPORT &
RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS*
(DOC. #1) AND COMPLAINT (DOC. #1-1)

     Before the court are Plaintiff Grace Albanese's application to proceed *in forma pauperis* (Doc. #1) and complaint (Doc. #1-1).   For the reasons stated below, Albanese's *in forma pauperis* application is granted and he may proceed with this action.   It is recommended that Albanese's complaint be dismissed with leave to amend.

## I. Discussion

     Albanese's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Plaintiff's complaint states a plausible claim for relief.   Each is discussed below.

1. <u>Albanese May Proceed *In Forma Pauperis*</u>

     Albanese's application to proceed *in forma pauperis* is granted.   28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Albanese submitted a financial affidavit.  (Doc. #1). According to the affidavit, Albanese is unemployed and has no money in her checking or savings account.  Albanese's application to proceed *in forma pauperis* is, therefore, granted.

1

## II. Legal Standard

Because the court grants Albanese's application to proceed *in forma pauperis*, it must review Albanese's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  *See* 28 U.S.C. § 1915(e).  The court's review of Albanese's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2).  The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009).  The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief.  *Id.* at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  If the factual allegation, which are accepted as true, "do

2

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

In order to state a plausible claim for relief, a plaintiff, generally, must state the: who, what, when, and where, of a defendant's alleged misconduct. *See Iqbal*, 556 U.S. at 680; *see also Twombly*, 550 U.S. at 556.

Here, Albanese fails to state a claim for which relief can be granted. Albanese alleges that she has suffered "a lack of due process because of [Homeland Security's] warrantless surveillance. Albanese, however, does not allege when, where, or how the alleged warrantless surveillance was conducted. Albanese's complaint should be dismissed for failure to state a claim for which relief may be granted.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Albanese's application to proceed *in forma pauperis* (Doc. #1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (Doc. #1-1).

3

IT IS FURTHER ORDERED that Albanese is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Albanese's complaint (Doc. #1-1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing

/// /// ///

/// /// ///

/// /// ///

/// /// ///

party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.**

*See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 15th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

5