UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GRACE ALBANESE,<br><br>      Plaintiff,<br><br> v.<br><br>HOMELAND SECURITY OF THE UNITED STATES IN LAS VEGAS, NEVADA,<br><br>      Defendant. | Case No. 2:16-cv-00531-RFB-VCF<br><br>**<u>ORDER</u>** |

  Before the Court for consideration is the Amended Complaint (ECF No. 5), filed on May 13, 2016. For the reasons stated below, the Court will dismiss the Amended Complaint without prejudice.

  Because the Court previously granted Albanese's application to proceed in forma pauperis (ECF No. 1), it must review Albanese's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. See 28 U.S.C. § 1915(e). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009).

  The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and Iqbal prescribe a two-step procedure to determine whether a complaint's allegations cross that line. First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the

assumption of truth if they are "merely consistent with liability," *Id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681. Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]" – "that the pleader is entitled to relief." *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

Here, Albanese fails to state a claim for which relief can be granted. In order to state a plausible claim for relief, a plaintiff, generally, must state the: who, what, when, and where, of a defendant's alleged misconduct. *See Iqbal*, 556 U.S. at 680; *see also Twombly*, 550 U.S. at 556. "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Albanese has not met even this more lenient standard, however. Albanese alleges that her rights to "live, work, and go to school" were violated when the Department of Homeland Security and the Las Vegas Metropolitan Police Department "bugged" her and followed her when she would leave her home. Even if the Court construes this as a due process claim, Plaintiff does not allege where or how the alleged warrantless surveillance was conducted. Albanese's complaint shall therefore dismissed for failure to state a claim for which relief may be granted. As this Court previously dismissed Albanese's first Complaint (ECF No. 1-1) without prejudice for failure to state a claim and Albanese has once again not cured the deficiencies in her Complaint, the Court will grant her leave to amend one more time in this case.

**IT IS THEREFORE ORDERED** that Plaintiff Grace Albanese's Complaint (ECF No. 5) is DISMISSED with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff Grace Albanese shall have until **January 18,**

**2018** to file a Second Amended Complaint addressing the deficiencies identified in this order. If she does not do so within this time or fails to cure the deficiencies once again, her case shall be dismissed with prejudice.

The Clerk of Court is directed to serve a copy of this Order upon Plaintiff.

DATED: December 19, 2017.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**